UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK REARDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CHICO, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-02410-MCE-DMC<br><br><br>**ORDER** |

　　　　By way of this action, Plaintiff Sean Patrick Reardon ("Plaintiff") seeks to recover from Defendants for injuries sustained when City of Chico police officers purportedly utilized excessive force during the course of Plaintiff's arrest.  Defendants previously moved for summary judgment arguing, among other things, that Plaintiff's federal excessive force claim is barred under the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff had sustained a felony conviction for resisting an executive officer in violation of California Penal Code section 69 based on the same incident underlying his current Complaint.  Plaintiff had appealed his conviction, however, and it was not yet final.  Accordingly, the Court denied the pending motion for summary judgment without prejudice to renewal once the state proceedings were complete, and it stayed the case.  Plaintiff's conviction is now final, the Court has lifted the stay, and Defendants have filed a renewed Motion for Summary Judgment (ECF

No. 45), that is presently before the Court. For the following reasons, that Motion is GRANTED in part and DENIED in part as moot.[1]

## ANALYSIS[2]

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. <u>Celotex</u>, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. <u>See</u> Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); <u>see also</u> <u>Allstate Ins. Co. v. Madan</u>, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. <u>See</u> Fed. R. Civ. P. 56(a); <u>State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell</u>, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex</u>, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. <u>See</u> E.D. Cal. Local R. 230(g).

[2] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

issue as to any material fact actually does exist.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 251-52 (1986); <u>Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers</u>, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the <u>onus</u> of proof is imposed." <u>Anderson</u>, 477 U.S. at 251 (quoting <u>Improvement Co. v. Munson</u>, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Id.</u> at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  <u>Anderson</u>, 477 U.S. at

255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

In his Complaint in this case, Plaintiff sets forth federal constitutional claims for excessive force and failure to summon medical care, as well as several causes of action arising under state law.[3]  Defendants are entitled to judgment on both of Defendants' constitutional claims.

First, in Opposition to Defendants' Motion, Plaintiff avers that: "Plaintiff does not assert in this summary judgment proceeding that he was denied immediate medical care for his injuries."  Pl.'s Opp., ECF No. 47, at 23.  The Court construes that as a statement of Plaintiff's affirmative intent to abandon his medical care claim.  Accordingly, Defendants' Motion is GRANTED as to that cause of action.

Second, Plaintiff's excessive force claim is very clearly barred under Heck.  Under Heck, a plaintiff cannot maintain a lawsuit seeking damages under 42 U.S.C. § 1983 if success in that lawsuit would "necessarily imply" the invalidity of a related prior criminal conviction.  Heck, 512 U.S. at 487.  Consequently, a plaintiff cannot bring an action asserting § 1983 claims which, if successful, would undermine a prior conviction for the same conduct unless they can prove the underlying conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

A claim is barred under Heck if the plaintiff "would have to negate an element of the offense of which he has been convicted" (id. at 486 n. 6) or make specific factual allegations inconsistent with his criminal conviction.  Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002).  "[I]f a criminal conviction arising out of the same facts stands

---

[3] By way of separate causes of action, Plaintiff seeks to hold the city and supervisory personnel derivatively liable as well.

and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smith v. City of Hemet, 394 F.3d 689, 695 (2005).  According to Heck, then, a plaintiff cannot bring a § 1983 action unless there has been a "termination of the prior criminal proceeding (on which the 1983 claim is based) in favor of the accused." Heck, 512 U.S. 484.

In this case, any relief granted pursuant to Plaintiff's excessive force cause of action, would necessarily undermine his conviction for resisting an officer.  See Nuño v. County of San Bernadino, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999).  Accordingly, that cause of action is barred, and Defendants' Motion is GRANTED as to that claim.  Moreover, since the third and fourth causes of action for municipal and supervisory liability are derivative of the first two causes of action, judgment is warranted in Defendants' favor on those claims as well.  Finally, having dismissed the federal causes of action, the Court declines to exercise supplemental jurisdiction over the remaining state claims, which are hereby DISMISSED without prejudice to filing in state court.[4]

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 45) is GRANTED in part and DENIED in part consistent with the foregoing, and Plaintiff's state law claims are DISMISSED without prejudice.  The Clerk of the Court is directed to enter judgment in Defendants' favor and close this case.

IT IS SO ORDERED.

Dated:  May 26, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' Motion for Summary Judgment as to these state causes of action is DENIED as moot.